

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RENE REYNA JR., | § | |
| Plaintiff, | § | |
| | § | C AB-01-64 |
| | § | |
| | § | CIVIL ACTION NO. B-00-17 |
| VS. | § | (JURY REQUESTED) |
| | § | |
| CITY OF BROWNSVILLE POLICE | § | |
| DEPARTMENT AND RAFAEL MOLINA, | § | |
| Defendants. | § | |

United States District Court
Southern District of Texas
FILED

NOV 14 2000

Michael N. Milby
Clerk of Court

## DEFENDANTS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

COME NOW the City of Brownsville Police Department and Rafael Molina, Defendants herein, and file this their Original Answer and would respectfully show unto the Court the following:

### I.

### ORIGINAL ANSWER

1. Defendants deny each and all of Plaintiff's allegations except to the extent expressly admitted herein.

2. After a good faith inquiry into the facts, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraphs I, II, and III of Plaintiff's Original Complaint.

3. Defendants agree with and admit to the allegations set forth in Paragraph IV of Plaintiff's Original Complaint to the extent, and only to the extent, that Plaintiff alleges that their

1

names and addresses are as set forth and that Rafael Molina is a peace officer for the Brownsville Police Department. Defendants deny the remainder of the allegations set forth in Paragraph IV.

4. Defendants agree with and admit to the allegations set forth in Paragraph V of Plaintiff's Original Complaint to the extent, and only to the extent, that Plaintiff alleges that Defendant Rafael Molina was involved in a vehicular pursuit of Plaintiff for the purposes of arresting Plaintiff on or about June 23, 1998, and that Plaintiff was injured incident to his arrest. After good faith inquiry into the facts, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the averments made in Paragraph V of Plaintiff's Original Complaint.

5. Defendants deny the allegations set forth in Paragraph VI of Plaintiff's Original Complaint, that any causes of action alleged have any merit, or that Plaintiff is entitled to any relief whatsoever.

6. After good faith inquiry into the facts, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraphs VII or VIII of Plaintiff's Original Complaint.

## II.

### AFFIRMATIVE DEFENSES

7. Plaintiff is not entitled to attorney's fees because Plaintiff is not a prevailing party and is bringing this suit *pro se*; to the contrary, Defendants herein are entitled to their attorney's fees under 42 U.S.C. § 1988 because Plaintiff's action has no arguable basis in law or fact, is frivolous, and/or is brought in bad faith.

8. Defendant City of Brownsville Police Department would show that it is not a proper

party under either 42 U.S.C. § 1983 or under any state law cause of action.

9. In the alternative, Defendant City of Brownsville Police Department is entitled to sovereign immunity and has not waived its right to sovereign immunity.

10. In the alternative, Plaintiff cannot recover directly or indirectly from Defendant City of Brownsville Police Department because the Texas Tort Claims Act and the laws of the State of Texas do not allow any state law claims, and this Defendant's sovereign immunity has not been waived.

11. In the alternative, Defendants hereby invoke the statutory limits on liability and damages set forth in the Texas Tort Claims Act, chapter 101 of the Texas Civil Practice and Remedies Code, including those set forth at sections 101.023, 101.024, 101.025, and 101.026 of the Texas Civil Practice and Remedies Code.

12. In the alternative, Defendants would further invoke all defenses and/or limitations authorized under the Texas Tort Claims Act, including, but not limited to, the defenses and/or limitations set forth at sections 101.051, 101.055, 101.056, 101.057, 101.062, 101.101, and 101.106 of the Texas Civil Practice and Remedies Code.

13. In the alternative, Defendants would further assert that any state law claims are expressly barred by sections 101.051, 101.055, 101.056, 101.057, 101.062, 101.101, and 101.106 of the Texas Civil Practice and Remedies Code.

14. In the alternative, Defendants would further assert that Plaintiff's claims for punitive or exemplary damages are expressly barred by section 101.024 of the Texas Civil Practice and Remedies Code.

15. In the alternative, Defendants would further assert that they may not be sued and are

not liable because they are entitled to immunity, including absolute and/or qualified and/or official and/or judicial and or legislative and/or "quasi-judicial" immunity, from all damages, including tort damages.

16. In the alternative, Defendants would further assert that any loss or damages allegedly sustained by Plaintiff at the time, place, and occasion mentioned in Plaintiff's Original Complaint were caused, in whole or in part, or were contributed to, by the negligence, want of care, or intentional conduct of Plaintiff, and not by any negligence or fault or want of care on the part of these Defendants, and Defendants would therefore invoke the doctrine of comparative responsibility.

17. In the alternative, Defendants would show that Plaintiff's suit was not brought within the limitations period authorized under Texas Civil Practice and Remedies Code section 16.003.

### III.
### RESERVATION

18. Without waiving the foregoing denials and affirmative defenses, but still insisting upon the same for further answer if any need be necessary, and as separate defenses, Defendants reserve the right to file any and all cross-actions, third-party actions, counter-claims, motions, and discovery as they may deem proper. Defendants hereby request trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendants, City of Brownsville Police Department and Rafael Molina, pray that upon final trial and hearing hereof, Plaintiff take nothing by their suit, that Defendants recover all costs incurred herein, and that Defendants have

such other and further relief, at law or in equity, to which they may show themselves to be justly entitled.

Signed on November 14, 2000.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By: _____
George C. Kraehe
State Bar No. 00792631
USDC Adm. No. 19355

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I, hereby certify that on November 14, 2000, a true and correct copy of the above and foregoing has been served on all counsel of record via Certified Mail, Return Receipt Requested as hereinbelow noted:

Rene Reyna, Jr. # 858289
12120 Savage Drive E-1-20
Midway, Texas 75852

_____
George C. Kraehe

5