Case 1:01-cv-00064   Document 8   Filed in TXSD on 11/22/2000   Page 1 of 6

*8*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION



United States District Court
Southern District of Texas
FILED

NOV 2 2 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| RENE REYNA JR., | § | |
| Plaintiff, | § | |
| | § | *MISC* |
| | § | |
| | § | ~~CIVIL~~ ACTION NO. B-00-17 |
| VS. | § | (JURY REQUESTED) |
| | § | |
| CITY OF BROWNSVILLE POLICE | § | *C A B-01-64* |
| DEPARTMENT AND RAFAEL | § | |
| MOLINA, | § | |
| Defendants. | § | |

---

## DEFENDANTS' 12(b)(6) MOTION FOR PARTIAL DISMISSAL

---

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

COME NOW the City of Brownsville Police Department and Rafael Molina, Defendants

herein, and pursuant to Federal Rule of Civil Procedure 12 (b)(6) file this their Motion for Partial

Dismissal and would respectfully show unto the Court the following:

### I.

### STATEMENT OF THE CASE

Plaintiff, Rene Reyna, Jr., brings this suit under 42 U.S.C. § 1983, alleging that

Defendants, City of Brownsville Police Department and Rafael Molina, violated his rights under

the Fourth Amendment to the Constitution of the United States by using excessive force in

effecting Plaintiff's arrest. Defendants, City of Brownsville Police Department and Rafael

Molina, filed their Original Answer on November 14, 2000.

-1-

CM/PDF - www.fenlo.com

## II.

## <u>MOTION TO DISMISS UNDER RULE 12(b)(6)</u>

### A.    Standard for Dismissal under Rule 12(b)(6)

Plaintiff has failed to state a claim for which relief can be granted.  Accordingly, his lawsuit is ripe for dismissal under Federal Rule of Civil Procedure 12(b)(6).  Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint should be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  Under this standard, a court may dismiss a complaint if the plaintiff cannot possibly prevail on his claims.  *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1973).  Although the Rule 12(b)(6) standard is stringent, "the mere fact that a standard is stringent does not suggest that it can never be met."  *Mahone v. Addicks Utility Dist. of Harris County,* 836 F.2d 921, 927 (5th Cir. 1988).

### B.    Defendant Brownsville Police Department is not a "person" for purposes of 42 U.S.C. § 1983.

42 U.S.C. § 1983 permits suit against " *[e]very person* who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States . . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws."  (Emphasis added.)  The Brownsville Police Department is not a "person" for purposes of 42 U.S.C. § 1983.  Rather, it is a division of the City of Brownsville, having no independent or separate political entity of its own.  Accordingly, the Brownsville Police Department may not be subject to suit under 42 U.S.C. § 1983, and all claims brought

thereunder against it should be dismissed as a matter of law. *See, e.g., Ngiraingas v. Sanchez*, 858 F.2d 1368 (9th Cir. 1988), *affirmed*, 495 U.S. 182 (1989) (holding that municipal police department not "person" under 42 U.S.C. § 1983); *Irvin v. Borough of Darby*, 937 F. Supp. 446 (E.D. Pa. 1996) (holding same); *Post v. City of Fort Lauderdale*, 750 F. Supp. 1131 (S.D. Fla. 1990) (holding same).

**C.    Plaintiff has failed to allege a Policy, Custom or Practice.**

Furthermore, even if Defendant City of Brownsville Police Department were a governmental entity that could be held liable under § 1983, Plaintiff must allege and prove that some official policy, custom or practice "caused" the alleged constitutional violation. *Monell v. New York City Dep't of Social Services*, 436 U.S. 685, 690 (1978).   In cases, such as this one, based on custom or practice, "*considerably* more proof than [a] single incident will be necessary . . . to establish both the requisite fault on the part of the municipality, and the causal connection between the 'policy' and the constitutional deprivation." *Monell v. New York City Dep't of Social Services*, 436 U.S. 685 (1978); *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 824 (1985) (emphasis added).   A "pattern of similar incidents" that is "general or widespread" must be shown. *Languirand v. Hayden*, 717 F.2d 220, 227-28 (5th Cir. 1983).   Such a pattern is evident if there are "*numerous* prior incidents" showing "systemic" violation of constitutional rights. *Hererra v. Valentine*, 653 F.2d 1220 (8th Cir. 1981) (emphasis added); *see also Bennett v. City of Slidell*, 728 F.2d 762, 768 (5th Cir. 1984) (en banc) (*citing Adickes v. S.H. Kress 7 Co.*, 398 U.S. 144, 167 & n. 39 (1970)).   In addition, it must be shown that this systemic and widespread pattern of numerous prior incidents must have *affirmatively* caused the constitutional injury complained of. *Reimer v. Smith,* 663 F.2d 1316 (5th Cir. 1981).   The Fifth Circuit has also stated

-3-

that to state a claim under 42 U.S.C. § 1983, a plaintiff must allege specific facts, not merely conclusory allegations. *Elliot v. Perez*, 751 F.2d 1472, 1479 (5th Cir. 1985). Municipal liability under § 1983 cannot be derived from a single improvident incident, but only where it is shown that the injury alleged was "actually caused" by a policy, custom, or practice evidenced by numerous similar incidents showing a pattern of conduct. *Rodriguez v Avita*, 871 F.2d 552,554 (5th Cir. 1989).

Plaintiff failed to allege *any* policy, custom or practice on the part of City of Brownsville Police Department let alone one that "caused" the constitutional deprivation alleged in Plaintiff's Original Complaint. Plaintiff's allegations on their face are insufficient to state a cause of action for municipal liability, as Plaintiff utterly failed to allege any causal connection existed between any policies and Plaintiff's injuries.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that upon hearing, Defendants' Motion for Partial Dismissal be granted, Plaintiffs take nothing by their suit, that Defendants recover all costs incurred herein, and that Defendants have such other and further relief, at law or in equity, to which they may show themselves to be justly entitled.

Signed on November 22, 2000.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By: _____
George C. Kraehe
State Bar No. 00792631
USDC 19355

Attorneys for Defendants

## CERTIFICATE OF CONFERENCE

Undersigned could not confer with Plaintiff, because Plaintiff is in prison. Undersigned assumes Plaintiff will oppose this motion..

_____
George C. Kraehe

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing, DEFENDANTS'
RULE 12(b)(6) MOTION FOR PARTIAL DISMISSAL has been served on all counsel of record,
to-wit:

Mr. Rene Reyna, Jr. # 858289
12120 Savage Drive E-1-20
Midway, Texas  75852

via certified mail, return receipt requested, on November 22, 2000.

_____
George C. Kraehe

-6-