3/

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

NOV 0 6 2001

| | | |
|---|---|---|
| RENE REYNA, JR. | § | |
| | § | |
| vs. | § | ~~CIVIL ACTION NO. B-00-17 &~~ |
| | § | |
| | § | CIVIL ACTION NO. B-01-64 |
| | § | |
| CITY OF BROWNSVILLE POLICE | § | |
| DEPARTMENT AND POLICE | § | |
| OFFICER RAFAEL MOLINA | § | |

## <u>MOVANT'S OBJECTIONS TO, AND MOTION TO QUASH, SUBPOENA DUCES TECUM SERVED OCTOBER 29, 2001, DIRECTED TO THE CUSTODIAN OF RECORDS FOR THE CAMERON COUNTY DISTRICT ATTORNEY'S OFFICE</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW THE CUSTODIAN OF RECORDS FOR THE CAMERON

COUNTY DISTRICT ATTORNEY (hereinafter Movant), by and through her attorney,

and files these objections to and motion to quash, subpoena duces tecum served October

29, 2001, directed to the Custodian Of Records for Cameron County District Attorney's

Office, and shows this Honorable Court the following:

## <u>INTRODUCTION</u>

1.   On or about October 29, 2001, the Respondent CITY OF BROWNSVILLE, caused

to be delivered to the Cameron County District Attorney's Office a Subpoena Duces

Tecum directed to the custodian of records for the Cameron County District Attorney's

Office.  (A true and correct copy of such Subpoena is attached as Exhibit "A" and

incorporated herein by reference as through set forth verbatim.)  The subpoena does not

1

set a date and time for compliance, the subpoena directs the custodian of records to produce and permit inspection and copying of the following: "All files containing all records and documents pertaining to or generated in connection with the June 23, 1998 arrest of Rene Reyna, Jr., DOB May 18, 1979, SSN 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, including but not limited to the complete criminal file, the complete prosecutor's file, the complete investigative file, all notes, all investigation records, all prosecutorial records, all witness statements, all police reports and attachments, and all documents, exhibits, records, recording and writings of any kind, pertaining to the charging, incarceration, investigation, indictment, prosecution, conviction, and sentencing of Rene Reyna, Jr. for all acts occurring on June 23, 1998."

2.    Movant objects to such subpoena duces tecum and moves that the court quash the subpoena duces tecum, or, alternatively, moves for a protective order limiting the documents, if any, to be produced to non-privileged, non-confidential documents, for the following reasons.

### The Subpoena Fails to Identify With Reasonable Specificity and Particularity the Documents Sought

3.    The party seeking to subpoena the documents has failed to identify with sufficient particularity and specificity the documents sought.  As already noted, the subpoena directs the custodian of records to produce and permit inspection and coping of the following: "All files containing all records and documents pertaining to or generated in connection with the June 23, 1998 arrest of Rene Reyna, Jr., DOB May 18, 1979, SSN 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, including but not limited to the complete criminal file, the complete prosecutor's file, the complete investigative file, all notes, all investigation records, all prosecutorial records, all witness statements, all police reports and attachments, and all

documents, exhibits, records, recording and writings of any kind, pertaining to the charging, incarceration, investigation, indictment, prosecution, conviction, and sentencing of Rene Reyna, Jr. for all acts occurring on June 23, 1998." Such an overbroad request constitutes an impermissible fishing expedition.  See, e.g., Phillips vs. Automated Telephone Management Systems, Inc., 160 F.R.D. 561, 563 (N. D. Tex. 1994) ("The discovery requested from Coppers and Bailey amounts to no more than a "fishing expedition' in an attempt to discover unknown wrongs.") Miller v. Adelson, 4 F.R.D. 176, 176-77 (W.D. Pa. 1944) (court sustained objection to production of entire file on ground no particular paper designated).  Compare United States v. King, 164 F.R.D. 542, 546 (D. Kan. 1996) ("Requesting entire files instead of specific documents indicates a fishing expedition.")

4.       The Fifth Circuit has held that a subpoena duces tecum "must also properly identify or describe the documents requested" and 'the request must be sufficiently definite to provide guidance as to what is to be produced by standards or criteria that make clear the duty of the person subpoenaed."  In re Grand Jury Proceedings, 601 F.2d 162, 168 (5th Cir. 1979).

**The Records Sought Are Privileged Confidential and Protected From Disclosure**

5.       Federal rule 45 (c) (3) (A) (iii) provides that "[o] n timely motion the court by which a subpoena was issued shall quash or modify the subpoena if it . . . requires disclosure of privileged or other protected matter and no exception or wavier applies." The documents sought by Respondents are privileged, confidential and protected from disclosure.

## Work Product

6.      The Texas Code of Criminal Procedure and Texas common law protect the work product of the state's attorney from disclosure.  In Wood v. McCown, 784 S.W.2d 126 (Tex. App.—Austin, 1990, no writ), the court held that the criminal work-product doctrine recognized through the common law continues after the criminal case had concluded, and protects the material from disclosure when it is sought in a subsequent civil case.  Id. At 128-29.

7.      Article 39.14 of the Texas Code of Criminal Procedure excepts from discovery "the work product of counsel in the case and their investigators and their notes or report." Tex. Code Crim. P. Art 39.14 (Vernon 1979 & Supp. 2000).  The criminal work-product doctrine recognized in Article 39.14 of the Texas Code of Criminal Procedure "extends to prosecution files and papers."  Brem v. State, 571 S.W.2d 314, 322  (Tex. Crim. App. [Panel Op.] 1978).

> The [work-product] privilege has thus been extended
> To offense or investigative reports prepared by the
> Police, ... internal prosecution files or papers, ... and
> reports on the analyses of narcotics ... It has also been
> extended to statements prepared by law enforcement officers
> after interviewing prospective witnesses.

Quinones v. State, 592 S.W.2d 933, 940 (Tex. Crim App. 1980) (en banc).  The Texas Court of Criminal Appeals has also held that article 39.14 exempts witness statements from discovery as work product.  Hoffman v. State, 514 S.W.2d 248, 252 (Tex. Crim. App. 1974).

## Witness Statements

8.      Article 39.14 of the Texas Code of Criminal Procedure excepts "written statements of witnesses" in the possession of the state from discovery in criminal cases.

ClibPDF - www.fastio.com

<u>Tex. Code Crim. P.</u> art. 39.14 (Vernon 1979 & Supp. 2000). Such statements are privileged and not subject to disclosure if the witness does not testify and the statement is not exculpatory. <u>Nelson v. State,</u> 511 S.W.2d 18,20 (Tex. Crim. App. 1974); <u>see State ex rel. Simmons v. Moore,</u> 774 S.W.2d 711, 714 (Tex. App.—El Paso 1989, no pet.).

**<u>Rule 501 of the Federal Rules of Evidence</u>**

9.      In determining the applicability of the state law privileges asserted herein, it should be remembered that the Movant is not a party to this litigation and has been involuntarily drawn into federal court pursuant to a subpoena. Movant should not be denied its state law privileges because of such fortuitous circumstances. To the extent, if at all, that Rule 501 of the Federal Rules of Evidence would require the application of "the principals of the common law as they may be interpreted by the courts of the United States in light of reason and experience," Movant asks the Court to recognize the wisdom of the state law privileges asserted herein and to apply them as a matter of federal common law." Fed.R.Evide. 501 advisory committee notes. Movant further asserts that, in any event, federal common law is consistent with state law with respect to the asserted privileges. <u>See, e.g., United States v. Nobles,</u> 422 U.S. 225, 236 95 S.Ct. 2160, 2169, 45 L.Ed.2d 141 (1975) (recognizing work product privilege in federal criminal case); <u>R.T.C. v. Grolier, Inc.,</u> 462 U.S. 19, 26, 103 S. Ct. 2209, ____, 76 L.Ed 2d 387, 393-94 (1983) (work product privilege does not terminate upon conclusion of the particular case in which it was generated but continues thereafter); <u>In Re Grand Jury Proceedings,</u> 43 F.3d 966, 971 (5th Cir. 1994) (work product privilege applies in subsequent litigation); Fed.R.Crim.P. 16(B) (2) (establishing work-product protection in pretrial criminal context); <u>U.S. v Thomas,</u> 766 R.Supp. 372, 375 (W.D.Pa. 1991)

(statements in possession of government are not subject to disclosure if the witness does not testify and the statements are not exculpatory);  U.S. v. Cherry,  876 F.Supp. 547, 551 (S.D.N.Y. 1995) (reports and investigations of state law enforcement are protected as work product).  Compare F.R.C.P. 26 (b) (3) (protecting work-product and witness statements in civil context).  Movant further asserts that the documents are protected by the required reports privilege recognized by both Texas and federal law, the prosecutorial and deliberative process privilege recognized at federal common law, the official information privilege recognized at federal common law, and the law enforcement privilege recognized at federal common law.

10.      Movant, hereby seeks an order quashing the subpoena duces tecum attached hereto as Exhibit "A."  Alternatively, Movant moves for a protective order limiting the documents, if any, to be produced to non-privileged, non-confidential documents.  Furthermore, prior to any ordered disclosure, if at all, of any materials sought through the notice and subpoena duces tecum, which Movant asserts are confidential or privileged, Movant requests that the Court examine in camera those materials asserted by Movant as being confidential and/or privileged.  Movant prays for such additional orders of the Court as are consistent with the assertions of Movant in this motion; that Movant not be required to divulge any information as to matters that are confidential or privileged and that the Court grant Movant such other further relief, general or special to which Movant may be entitled at law or in equity.

Respectfully submitted,

YOLANDA DE LEÓN
COUNTY AND DISTRICT ATTORNEY

Cameron Coutny Courthouse
974 E. Harrison Street
Brownsville, Texas  78520
Telephone:     956/544-0849
Fax No.: 956/544-0869


BY:   _____
Francisco J. Martinez
Assistant District and County Attorney
Texas State Bar No.  13141900
Federal Admission No. 17477

ATTORNEY FOR MOVANT


## CERTIFICATE OF CONFERENCE

This is to certify that efforts to resolve this discovery dispute have been

attempted by telephone discussion with the attorney for the party seeking to subpoena the

documents in question, without resolution.

_____
Francisco J. Martinez

7

# CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing motion, and proposed order accompanying the same has been served upon George C. Kraehe attorney for respondent forwarding same by "fax" transmission, and by mailing a copy of same by United States mail, certified mail, return receipt requested, on the _6TH_ day of _November_____ , 2001.


**VIA: CM/RRR #Z 271 577 091**
Mr. George C. Kraehe
WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521

**VIA: CM/RRR #Z 271 577 101**
Mr. George P. Powell
HINOJOSA & POWELL, P.C.
612 Nolana, Suite 410
McAllen, Texas 78504


Francisco J. Martinez

ClibPDF - www.fastio.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RENE REYNA JR., | § | |
|     Plaintiff, | § | |
| | § | |
| | § | |
| | § | CIVIL ACTION NO. B-00-17 |
| VS. | § | (JURY REQUESTED) |
| | § | |
| CITY OF BROWNSVILLE POLICE | § | |
| DEPARTMENT AND RAFAEL MOLINA, | § | |
|     Defendants. | § | |

*copy*

---

### SUBPOENA DUCES TECUM

---

THE STATE OF TEXAS:

TO:    Custodian of Records
         District Attorney's Office
         974 E. Harrison
         Brownsville, Texas 78520

**GREETINGS:**    **YOU ARE HEREBY COMMANDED TO PRODUCE:**

All files containing all records and documents pertaining to or generated in connection with the June 23, 1998 arrest of Rene Reyna, Jr., DOB May 18, 1979, SSN 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, including but not limited to the complete criminal file, the complete prosecutor's file, the complete investigative file, all notes, all investigation records, all prosecutorial records, all witness statements, all police reports and attachments, and all documents, exhibits, records, recording and writings of any kind, pertaining to the charging, incarceration, investigation, indictment, prosecution, conviction, and sentencing of Rene Reyna, Jr. for all acts occurring on June 23, 1998.

1





RECEIVED

OCT 29 2001

DISTRICT ATTORNEY
CAMERON COUNTY, TEXAS

TO:                     Willette & Guerra, L.L.P.
                        International Plaza, Suite 460
                        3505 Boca Chica Blvd.
                        Brownsville, Texas 78520

in the above-styled action pending in the B-00-17 United Stated District Court for the Southern District of Texas Brownsville Division.

**WITNESS MY HAND AND SEAL OF OFFICE** on this 26ᵗʰ day of October, 2001.

_____
                        Attorney George C. Kraehe
                        USDC Adm. No 19355

        Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued or a district court in the county in which the subpoena is served, and may be punished by fine or confinement, or both.

OFFICER'S RETURN

        Came to hand the 26 day of OCTober, 2001, at 5 o'clock P m., and executed the 29 day of OCToBer, 2001, at o'clock 11 A m., by delivering to the within named witness at the hereinabove named location in person, a true copy of this subpoena and tending to said witness the fees prescribed by law.

Raul Martinez

By:_____

2

ClibPDF - www.fastio.com