33

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION



U. . . . . . . ies Court
S. . . . . . . of Texas
                    L ED

NOV 0 8 2001

M . . . . . . N. Milby
Clerk of Court

| | | |
|---|---|---|
| RENE REYNA JR., | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| | § | CIVIL ACTION NO. B-01-64 |
| VS. | § | (JURY REQUESTED) |
| | § | |
| CITY OF BROWNSVILLE POLICE | § | |
| DEPARTMENT AND RAFAEL | § | |
| MOLINA, | § | |
| Defendants. | § | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO CAMERON COUNTY DISTRICT
ATTORNEY'S OBJECTIONS TO AND MOTION TO QUASH SUBPOENA DUCES
TECUM AND DEFENDANTS' SECOND MOTION TO COMPEL**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

COME NOW the City of Brownsville Police Department and Rafael Molina, Defendants

herein, and file this their Response and Opposition to Cameron County District Attorney's

Objections to and Motion to Quash Subpoena Duces Tecum and Defendants' Second Motion to

Compel and would respectfully show unto the Court the following:

**I.**

**STATEMENT OF THE CASE**

Plaintiff, Rene Reyna, Jr., brings this suit under 42 U.S.C. § 1983, alleging that Defendants,

City of Brownsville Police Department and Rafael Molina, violated his rights under the Fourth

Amendment to the Constitution of the United States by using excessive force in effecting Plaintiff's

arrest on June 23, 1998. Plaintiff was shot three times and wounded by Defendant Molina, a

-1-

Brownsville police officer, after Plaintiff stole a vehicle and attempted to run down a police officer and several other people. Plaintiff was later charged with and convicted of aggravated assault and is currently incarcerated in the Texas Department of Criminal Justice, Institutional Division. (Ex. A.)

## II.

## RESPONSE

### A.    What Is Needed and Why.

Defendants have been attempting for some time now to obtain records generated or collected by the Cameron County District Attorney (the "District Attorney") in connection with the investigation, arrest, prosecution, and conviction of Plaintiff for any charges brought against him in connection with the incidents made the basis of this lawsuit. Defendants first attempted to obtain the records informally, through counsel, explaining what was needed and why, but counsel were informed that a subpoena would be necessary. A subpoena was subsequently propounded on the District Attorney on July 25, 2001, seeking "Plaintiff's criminal record related to his arrest on June 23, 1998." (Ex. B.)

Defendants did not immediately receive a response to the subpoena. Subsequently, Defendants, through counsel, attempted to confer with Assistant County Attorney Francisco J. Martinez via telephone requesting that the district attorney's entire file for Plaintiff be produced. Assistant County Attorney Martinez indicated the District Attorney's unwillingness to produce its entire file on Plaintiff, but produced only two documents, Plaintiff's "Written Waiver and Consent to Stipulation of Testimony, Waiver of Jury, and Plea of No Contest" in Cause No. 98-CR-892-E and a "Judgment of Conviction" in the same cause number. (Ex. C.) These records generally show that Plaintiff pleaded no contest to the offense of aggravated assault and was sentenced to five (5)

-2-

years in the Texas Department of Criminal Justice, Institutional Division. (Ex. C.) These records include only the most general information about Plaintiff's arrest and conviction, but do not state the facts serving the basis of the charges, for example, against whom Plaintiff allegedly committed the offense of aggravated assault. (Ex. C.) Having already conferred with the District Attorney, Defendants filed a motion to compel, asking this Court to order the District Attorney to produce its complete file. (Ex. D.) The District Attorney did not respond to this motion, and the Court granted it, ordering the District Attorney "to produce its entire file on Plaintiff Rene Reyna related to Plaintiff's arrest on June 23, 1998." (Ex. E.) The District Attorney, through Assistant District Attorney Francisco Martinez, responded to the Court's order by explaining that it had already responded to the subpoena by producing the two documents described above. Assistant District Attorney Martinez further explained that the District Attorney had other documents, which he did not feel were within the scope of the subpoena, but that such documents are privileged and would not be released. Defendants, through counsel, subsequently submitted a letter to the District Attorney, explaining again what it was Defendants sought, (Ex. F), and then propounded a second subpoena on the District Attorney, (Ex. G). In this second subpoena, Defendants describe in greater detail what they seek, requesting production of "all records and documents pertaining to or generated in connection with the June 23, 1998 arrest of Rene Reyna, Jr., DOB May 18, 1979, SSN 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, including but not limited to the complete criminal file, the complete prosecutor's file, the complete investigative file, all notes, all investigation records, all prosecutorial records, all witness statements, all police reports and attachments, and all documents, exhibits, records, recordings and writings of any pertaining to the charging, incarceration, investigation, indictment, prosecution, conviction, and sentencing of Rene Reyna, Jr. for all acts occurring on June 23, 1998." (Ex. G.)

Defendants seek the records described in their subpoenas to determine what Plaintiff pleaded

no contest to and what, exactly, he was convicted of. As explained to the District Attorney more than once, Defendants particularly seek to determine from the District Attorney's records, if possible, against whom Plaintiff was alleged, charged and convicted of committing the offense of aggravated assault on June 23, 1998. This information is important, because more than one Fifth Circuit opinion holds that an excessive force claim is barred under 42 U.S.C. § 1983 as a matter of law if brought by an individual convicted of aggravated assault or some similar offense related to the same events necessitating the use of force. *See Hainze v. Richards*, 207 F.3d 795 (5th Cir. 2000)(in "suicide by cop" case, officer who shot suspect who threatened him with a knife entitled to qualified immunity where suspect convicted of aggravated assault of officer); *Sappington v. Bartee*, 195 F.3d 234 (5th Cir. 1999) (arrestee's state-court conviction for aggravated assault of police officer barred his excessive force claim against officer). The *Sappington* court reasoned as follows:

[T]he criminal conviction necessarily implies that Garcia did not use excessive force. Sappington was convicted of aggravated assault. Conviction for aggravated assault required proof that Sappington caused "serious bodily injury." Tex. Pen.Code § 22.02(a)(1). We hold as a matter of law that the force Sappington claims was used cannot . . . be deemed excessive. Under Texas law, any person can use force up to and including deadly force "to protect himself against the other's use or attempted use of unlawful deadly force." Tex. Pen.Code § 9.32(3)(A). "Deadly force" is defined as "force that is intended or known by the actor to cause, or in the manner of its use or intended use is capable of causing, death or serious bodily injury." Tex. Pen. Code § 9.01(3). Further, a peace officer is justified in using deadly force in the course of an arrest if he reasonably believes that there is a substantial risk that the person to be arrested will cause death or serious bodily injury to the officer or another if the arrest is delayed. Tex. Pen. Code § 9.51(c)(2). Sappington's

-4-

criminal conviction required proof that he caused serious bodily injury to Garcia. Garcia was justified in using force up to and including deadly force to resist the assault and effect an arrest. As a matter of law, therefore, the force allegedly used by Garcia cannot be deemed excessive.

*Sappington*, 195 F.3d at 237. In the instant case, Plaintiff was convicted of aggravated assault. If he was convicted of assaulting Officer Molina or someone else by running him down, then Plaintiff cannot now bring a claim under 42 U.S.C. § 1983, as the facts of such claim have already been adjudicated. Defendants must have access to the District Attorney's records to determine whether the rules articulated in *Hainze* and *Sappington* apply. If the rule does apply, Defendants must have copies of the District Attorney's records as proof of Plaintiff's prior conviction and the facts underlying it.

## B.    Work Product Doctrine Does Not Apply.

The District Attorney objects to production of anything more than the two documents described above on grounds that such information is protected by the work product doctrine. The District Attorney, however, has cited no authority extending the work product doctrine to records generated or collected by a district attorney to discovery in a subsequent civil case long after the criminal case has been concluded. The District Attorney cites *Wood v. McCown*, 784 S.W.2d 126 (Tex. App.–Austin 1990, no writ), but this case applies to the work product of a *defendant*, not of a district attorney–a meaningful distinction, as a criminal defendant's due process rights under the Texas and United States constitutions have some bearing on application of the work product doctrine. Moreover, the Texas Code of Criminal Procedure provisions the District Attorney cites govern discovery in the course of *criminal* proceedings, not discovery in subsequent *civil* proceedings; the Federal Rules of Civil Procedure are the applicable rules in civil proceedings in

-5-

federal court. Finally, it bears noting that the Texas Supreme Court has specifically reserved the question as to whether the attorney work product doctrine applies *at all* beyond the conclusion of litigation in a criminal prosecution where the related litigation file is sought in a separate civil action. *State ex rel. Curry v. Walker*, 873 S.W.2d 379 (Tex. 1994). This surely is because the purposes underpinning the work product doctrine articulated in *National Union Fire Insurance Co. v. Valdez*, 863 S.W.2d 458, 460 (Tex.1993, orig. proceeding), and *United States v. Nobles*, 422 U.S. 225 (1975), do not apply where, as in this case, a district attorney's records in a closed criminal case are essential to protection of a defendant's rights in a subsequent civil case. Simply put, the District Attorney has not shown applicability of the work product doctrine in the instant case, cites no authority supporting its application, and has given this Court no reason why the requested documents should not be produced. On the other hand, Officer Molina's right to a fair trial of all the facts–or to be spared a trial at all, as may well be the case–weighs in the balance. In the interests of justice, the District Attorney's records should be produced.

WHEREFORE, PREMISES CONSIDERED, Defendants, the City of Brownsville Police Department and Police Officer Rafael Molina, respectfully pray that the Court set this matter for hearing, deny the Cameron County District Attorney's Motion to Court, and grant this Defendants' Second Motion to Compel and order the Cameron County District Attorney's office to supplement its production as requested, within ten days of this Court's order. Defendants further request such other relief to which they may be justly entitled, including costs necessitated in bringing this motion.

Signed on November 8, 2001.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas  78521
Telephone:  (956) 541-1846
Facsimile:  (956) 541-1893

By: _____
       George C. Kraehe
       State Bar No. 00792631
       USDC Adm. No. 19355

       Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been sent to the following via Certified Mail, return receipt requested, on November _____, 2001.

Cameron County District Attorney's Office
974 E. Harrison
Brownsville, Texas 78520

George P. Powell
HINOJOSA & POWELL, P.C.
612 Nolana, Suite 410
McAllen, Texas 78504

_____
George C. Kraehe

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

RENE REYNA JR.                          §
    Plaintiff,                          §
                                        §
                                        §
                                        §       CIVIL ACTION NO. B-01-64
VS.                                     §       (JURY REQUESTED)
                                        §
CITY OF BROWNSVILLE POLICE              §
DEPARTMENT AND POLICE OFFICER           §
RAFAEL MOLINA                           §

---

## ORDER GRANTING DEFENDANTS' SECOND MOTION TO COMPEL

---

On the _____ day of _____, 2001,  Defendants City of Brownsville Police Department and Police Officer Rafael Molina's  Second Motion  to Compel came on for consideration.

After review, the Court is of the opinion that Defendants' Second Motion to Compel is hereby GRANTED.

IT IS FURTHER ORDERED that the Cameron County District Attorney's Office is to produce its entire file on Plaintiff Rene Reyna related to Plaintiff's arrest on June 23, 1998, as requested in Defendants' subpoena, within ten days of this Court's order.

SIGNED on this  the _____ day of _____, 2001.


_____
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

RENE REYNA JR.                        §
    Plaintiff,                        §
                  §
                  §
                  §   CIVIL ACTION NO. B-01-64
VS.                                   §   (JURY REQUESTED)
                  §
CITY OF BROWNSVILLE POLICE             §
DEPARTMENT AND POLICE OFFICER          §
RAFAEL MOLINA                         §

---

## ORDER SETTING HEARING

---

On this day came on to be considered Defendants' Second Motion to Compel. After

considering same, the Court is of the opinion that a hearing should be held.

IT IS THEREFORE ORDERED, ADJUDGED and DECREED that Defendants' Second

Motion to Compel is hereby set for hearing on the _____ day of _____, 2001 at __ a.m. in

the United States District Court for the Southern District of Texas, Brownsville Division.

SIGNED FOR ENTRY on this the _____ day of _____, 2001.

 

 

                                    _____
                                    UNITED STATES MAGISTRATE JUDGE

CAUSE NO. 98-CR-892-E

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| VS | § | CAMERON COUNTY, TEXAS |
| RENE REYNA. | § | 357TH JUDICIAL DISTRICT |

## JUDGMENT OF CONVICTION;
### SENTENCE TO INSTITUTIONAL DIVISION

Judge Presiding:   Rogelio Valdez                    Date of Judgment: 11-24-98

State's
Attorney:   Chad Bull                                Defendant's
                                                     Attorney:   Joe Valle

Offense
Convicted of:  Aggravated Assault                    Date of Conviction: 11-23-98

Degree of Offense:   2nd degree felony               Date Offense Committed: 06-23-98

Charging Instrument: Indictment

Plea to Court: No Contest                            Verdict of Court: Guilty

Term of Plea Agreement (In Detail): N/A

Plea to Enhancement: N/A                             Findings on Enhancement:   N/A

Finding on Special Issue (In Detail): N/A

Date Sentence Imposed:    11-23-98                    Costs: $186.25

Sentence of Imprisonment
Institutional Division:    five (5) years             Fine:  N/A

Time Credited:            154 days                    Date to Commence: 11-23-98

Total Amount of Restitution: $5,411.87 upon  parole

Restitution To Be Paid To:

```
Texas Municipal League
P. O. Box 149194
Austin, TX  78714-9194
1-800-537-6655
Claim No.: 9800050153 A & B
Attn:  Aleeze Montgomery, Adjustor
Amount Due:  $682.38
```



Rosa Elvia Martinez
1669 El Matador Drive
Brownsville, TX  78521
(956) 546-2691
Amount Due:  **$741.98**

Accident & Injury Chiropractic Center
1100 North Expressway
Brownsville, TX  78520
(956) 504-5940
Re:  Rosa Elvia Martinez (patient)
Amount Due:  **$1,730.00**

Concepcion Garza
4929 Paso Doble Circle
Brownsville, TX  78521
(956) 548-0162
Amount Due:  **$100.00**

J & M Auto Sales
c/o Juan Manuel Lopez
4365 Southmost Road
Brownsville, TX  78520
(956) 550-0660
Amount Due:  **$2,157.51**

---

To run concurrent with 98-CR-893-E and 97-CR-469-E

On the date stated above, the above numbered and entitled cause was reached and called for trial, and the State appeared by the attorney stated above, and the Defendant and the Defendant's attorney were also present.  Thereupon, both sides announced ready for trial, and the Defendant, Defendant's attorney, and the State's attorney agreed in open court and in writing to waive a jury in the trial of this cause and to submit it to the Court.  The Court consented to the waiver of a jury herein.  The Defendant further waived the reading of the indictment and, upon being asked by the Court as to how the Defendant pleaded, entered a plea of guilty to **Aggravated Assault**.  Thereupon, the Defendant was admonished by the Court of the consequences of said plea, and, it appearing to the Court that the Defendant was competent to stand trial and that the Defendant was not influenced in making said plea by any consideration of

fear or by any persuasion prompting a confession of guilt, the free and voluntary plea of guilty was received by the Court and is now entered of record in the minutes of the Court as the plea of the Defendant. The Court, having heard all evidence from the State and the Defendant, and having heard argument of counsel for both parties, found that there was sufficient evidence to support the Defendant's plea and found the Defendant guilty of the offense stated above.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court that the Defendant is guilty of the offense stated above, and, the Court having reviewed the pre-sentence investigation report, the punishment is assessed by the Court at **FIVE (5) YEARS** at the Texas Department of Criminal Justice, Institutional Division, and the State of Texas do have and recover of said Defendant all court costs in this prosecution expended for which execution will issue.

And thereupon the Court asked the Defendant whether the Defendant had anything to say why said sentence should not be pronounced upon said Defendant, and the Defendant answered nothing in bar thereof. Whereupon the Court proceeded, in the presence of said Defendant and the Defendant's attorney, to pronounce sentence upon said Defendant as follows:

IT IS ORDERED by the Court that the Defendant, who has been adjuged guilty of the offense stated above, be and is hereby sentenced to the punishment stated above. The Defendant shall be taken by the authorized agent of the State of Texas or by the Sheriff of Cameron County, Texas, and by him safely conveyed and delivered to the Director of the institutional division of the Texas Department of Criminal Justice, there to be imprisoned in the manner and for the period aforesaid. The Defendant is hereby remanded to the custody of the Sheriff, until such time as the Sheriff can obey the directions of this sentence.

IT IS FURTHER ORDERED by the Court that Defendant's left or right thumb be fingerprinted, and that said thumbprint be marked as Exhibit "A" and is made a part hereof for all purposes.

The Court has ordered that this case is to run concurrent with 98-CR-893-E and 97-CR-469-E.

The Court has ordered that the defendant is to pay restitution in the amount of $5,411.87 upon parole.

Said Defendant is given credit on this sentence for 154 days on account of the time spent in jail.

SIGNED FOR ENTRY:  November 24, 1998.

_____
Judge Presiding

Regular
revised 03/23/95

CAUSE NO. 98-CR-892-E

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| VS. | § | CAMERON COUNTY, TEXAS |
| Rene Reyna JR | § | 357th JUDICIAL DISTRICT |

## WRITTEN WAIVER AND CONSENT TO STIPULATION OF TESTIMONY, WAIVER OF JURY, AND PLEA OF ~~Guilty~~ No Contest

Defendant, **after** having had his Federal and State constitutional and statutory rights fully explained to him by his attorney of record in this case, as well as the procedural requirements, rights and safeguards afforded to him by laws of the State of Texas, including the privilege against self-incrimination, the right to appearance, confrontation, and cross-examination of witnesses to be used against him, and the right to trial by jury, deliberately and knowingly agrees and consents, together with his counsel, to waive the appearance, confrontation and cross-examination of witnesses against him in this cause and further waives the right of trial by jury, and asks that he be tried by the Court without a jury.

Defendant, in person and together with his counsel, waives all formalities of arraignment and reading of the indictment and voluntarily and freely pleads Guilty, as charged in the indictment in this cause.

Defendant, in person, together with his counsel, in pleading Guilty further states under oath in open court to the Court:

1. I have never been treated for any mental illness and no one has ever suggested that I should receive treatment for any mental illness; I believe myself to be mentally competent now and sane at the time of the commission of the offense;

2. No one has threatened me in any way, used any force

Regular
revised 03/23/95

4    I am not pleading Guilty with any delusive hope of
     a pardon in my case; I have no hope of pardon;

     **IF APPLICABLE: IF NOT A CITIZEN OF THE UNITED STATES OF
     AMERICA I UNDERSTAND THAT A PLEA OF Guilty OR NOLO
     CONTENDERE FOR THE OFFENSE CHARGED MAY RESULT IN
     DEPORTATION, THE EXCLUSION FROM ADMISSION TO THIS
     COUNTRY, OR THE DENIAL OF NATURALIZATION UNDER FEDERAL
     LAW.**

5.   I understand that if I persist in pleading Guilty
     and the evidence shows I am Guilty, the Court will
     have no alternative but to find me Guilty;

6.   I understand that if the Court finds me Guilty, the
     Court must and will assess my punishment as that
     prescribed by law for the offense to which I here
     plead Guilty;

7.   I understand that the punishment prescribed for the
     offense to which I here plead Guilty is by
     confinement in the Texas Department of Criminal
     Justice Institutional Division (Texas Department of
     Corrections) for a term of years not less than ___
     _2_ nor more than _20_, to which may be
     added a fine not to exceed $ _10,000_.

8.   I understand that the Prosecutor may or may not
     make a recommendation as to punishment, but I
     understand that the Court is not bound by such
     recommendation of the prosecuting attorney as to
     punishment;

9.   I affirm to the Court that there has been no plea
     agreement in this case except as follows:_____

     _No Agreed recommendation_____

     _____

     And I understand that the Court is not bound to
     accept a plea bargain and if the Court rejects a
     plea bargain I may withdraw my plea of Guilty.

10.  I understand that if a punishment is being
     recommended by the prosecutor and agreed to by me
     and my attorney and the punishment assessed by the
     Court does not exceed that agreed punishment that I
     cannot, without the Court's permission, prosecute
     an appeal on any matter in this case except for
     those matters raised by written motions filed prior
     to the trial;

STRIKE
ONE  11.  I went to the _____ grade in public school and
          can read write and understand the English
          language;

     11.  I do not read, write and understand the English
          language and all of this instrument has been

Regular
revised 03/23/95

further agree, **consent** and stipulate in writing in **open court to**
the following:

The State **may** introduce affidavits, written statements of
witnesses and any other documentary evidence in support of any
judgement that **may** be entered in this cause, which are marked
Exhibits No. _1_, through No. _2_, inclusive, and made a part
hereof; that such stipulated evidence is true and correct; that the
Defendant, is the identical person referred to in the exhibits and
stipulate evidence and if the witnesses were present, sworn and
testifying under oath that they would testify as set out in their
written statements and would identify the Defendant as the person
of whom they speak in said exhibits and stipulations; that the
Defendant is the identical person named in the indictment in the
above styled and numbered cause; that each and every allegation in
said indictment charging the offense of: _Aggravated_
_Assault_                                    is true and correct and each
act therein alleged occurred in Cameron County, Texas.

_____
Defendant

SWORN TO AND SUBSCRIBED TO BEFORE ME, the undersigned authority, on
this the _10_ day of _Oct_ , 19 _98_

                              Clerk of the District Courts,
                              Cameron County, Texas
              BY: _____
                              Deputy

APPROVED AND AGREED:

_____
Defendant/s Attorney

_____
Assistant County (Criminal District) Attorney
Cameron County, Texas

Regular
revised 03/23/95

## CERTIFICATE OF DEFENDANT'S ATTORNEY

The undersigned attorney of record for the Defendant in the above styled and numbered cause, being a duly licensed member of the State Bar of Texas in good standing, does hereby certify that I have fully explained to the Defendant his Federal and State constitutional and statutory rights as Defendant in this case, including his constitutional right to a trial by jury and to have the witnesses present, testify and to cross-examine them, as well as all the procedural requirements and rights afforded him by the State of Texas, and the Defendant understanding his said rights, has deliberately and knowingly waived such rights in this case.

I further certify that I have read to the Defendant and explained to the Defendant the foregoing waiver and consent to stipulation to testimony, together with the stipulations and exhibits attached and made a part thereof, and I believe and state to the Court that the Defendant understands such waiver, consent and stipulation, and has voluntarily and knowingly, entered into the same with my advice and consent.

The undersigned attorney further states to the Court in connection with the Defendant's plea of Guilty that the undersigned has counseled and advised with the Defendant and that every statement above made by the Defendant is true and correct to the best of my knowledge and belief; and, in my opinion, the Defendant is now mentally competent and legally sane, was legally sane at the time of the offense charged, and is able to and does understand the nature and consequences of these proceedings and his plea of Guilty.

_____
Attorney for the Defendant

Regular
revised 03/23/95

APPROVAL OF **TRIAL JUDGE:**

The above **and** foregoing written waiver and **consent** to stipulation of **testimony,** waiver of jury and plea of Guilty having been made under oath by the Defendant in person in open court on this _12_ day of _April_, 19_96_ and the Court having interrogated the Defendant in person in open court, as well as his counsel, and being satisfied that the Defendant has had his constitutional and legal rights explained to him and that the Defendant has the age, education and discretion to fully understand and does understand his constitutional rights with regard to the right of trial by jury, the appearance, confrontation and cross-examination of witnesses against him, and the privilege against self-incrimination and further understands the waiver and the stipulations and the contents thereof to which he has agreed, the said waiver and consent and stipulation of testimony is hereby approved by the Court, and ordered filed in the papers of this cause.

The Court, having considered the plea of Guilty of the Defendant and it plainly appearing to the Court that the plea of the Defendant is free and voluntary and the Defendant is mentally competent; and the Court having duly admonished the Defendant of the range of punishment attached to the offense, that the recommendation of the prosecuting attorney as to punishment is not binding upon the Court and the fact that if the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the Defendant and his attorney, the Court must give its permission to the Defendant before he may prosecute an appeal on any matter in the case except for those matters raised by written motions filed prior to the trial; and the Defendant having persisted in pleading Guilty accepts the Defendant's plea of

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

RENE REYNA JR.,                          §
    Plaintiff,                       §
                                     §
                                     §
                                     §        CIVIL ACTION NO. B-00-17
VS.                                      §            (JURY REQUESTED)
                                     §
CITY OF BROWNSVILLE POLICE               §
DEPARTMENT AND RAFAEL MOLINA,            §
    Defendants.                      §

---

### SUBPOENA DUCES TECUM

---

THE STATE OF TEXAS:

TO:    Custodian of Records
        District Attorney's Office
        974 E. Harrison
        Brownsville, Texas 78520

**GREETINGS:**    **YOU ARE HEREBY COMMANDED TO PRODUCE PLAINTIFF'S CRIMINAL RECORD RELATED TO HIS ARREST ON JUNE 23, 1998**

Records pertaining to:    Mr. Rene Reyna, Jr.
                           DOB:  May 18, 1979
                           SSN:  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

TO:                   Willette & Guerra, L.L.P.
                   International Plaza, Suite 460
                   3505 Boca Chica Blvd.
                   Brownsville, Texas 78520

in the above-styled action pending in the B-00-17 United Stated District Court for the Southern District of Texas Brownsville Division.

1



**WITNESS MY HAND AND SEAL OF OFFICE** on this 25th day of July, 2001.

_George C. Kraehe_
Attorney George C. Kraehe
USDC Adm. No 19355

Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued or a district court in the county in which the subpoena is served, and may be punished by fine or confinement, or both.

OFFICER'S RETURN

Came to hand the 25th day of July, 2001, at 2:00 o'clock P m., and executed the 25th day of July, 2001, at o'clock 4:19 m., by delivering to the within named witness at the hereinabove named location in person, a true copy of this subpoena and tending to said witness the fees prescribed by law.

By serving John Blaylock. City Prosecutor

**Professional Civil Process**
700 Paredes Ave., #208
Brownsville, Texas 78520
Tel. (956) 546-1313

By: _Juanita Anderson_

EDUARDO GONZALEZ
NOTARY PUBLIC
STATE OF TEXAS
MY COMMISSION EXPIRES
March 21, 2002

SUBSCRIBED AND SWORN TO BEFORE ME
ON _____, 20__, TO
CERTIFY WHICH WITNESS MY HAND AND
OFFICIAL SEAL

NOTARY PUBLIC   STATE OF TEXAS

2

Regular
revised 03/23/95

OCT 1 2 1998

CAUSE NO. 98-CR-892-E

THE STATE OF TEXAS        §        IN THE DISTRICT COURT

VS.                       §        CAMERON COUNTY, TEXAS

Rene Reyna JR             §        357th JUDICIAL DISTRICT

WRITTEN WAIVER AND CONSENT TO STIPULATION OF
TESTIMONY, WAIVER OF JURY, AND PLEA OF Guilty No Contest

Defendant, after having had his Federal and State constitutional and statutory rights fully explained to him by his attorney of record in this case, as well as the procedural requirements, rights and safeguards afforded to him by laws of the State of Texas, including the privilege against self-incrimination, the right to appearance, confrontation, and cross-examination of witnesses to be used against him, and the right to trial by jury, deliberately and knowingly agrees and consents, together with his counsel, to waive the appearance, confrontation and cross-examination of witnesses against him in this cause and further waives the right of trial by jury, and asks that he be tried by the Court without a jury.

Defendant, in person and together with his counsel, waives all formalities of arraignment and reading of the indictment and voluntarily and freely pleads Guilty, as charged in the indictment in this cause.

Defendant, in person, together with his counsel, in pleading Guilty further states under oath in open court to the Court:

1.    I have never been treated for any mental illness and no one has ever suggested that I should receive treatment for any mental illness; I believe myself to be mentally competent now and sane at the time of the commission of the offense;

2.    No one has threatened me in any way, used any force

Regular
revised 03/23/95

4    I am not pleading Guilty with any delusive hope of
     a pardon in my case; I have no hope of pardon;

     **IF APPLICABLE:  IF NOT A CITIZEN OF THE UNITED STATES OF
     AMERICA I UNDERSTAND THAT A PLEA OF Guilty OR NOLO
     CONTENDERE FOR THE OFFENSE CHARGED MAY RESULT IN
     DEPORTATION, THE EXCLUSION FROM ADMISSION TO THIS
     COUNTRY, OR THE DENIAL OF NATURALIZATION UNDER FEDERAL
     LAW.**

5.   I understand that if I persist in pleading Guilty
     and the evidence shows I am Guilty, the Court will
     have no alternative but to find me Guilty;

6.   I understand that if the Court finds me Guilty, the
     Court must and will assess my punishment as that
     prescribed by law for the offense to which I here
     plead Guilty;

7.   I understand that the punishment prescribed for the
     offense to which I here plead Guilty is by
     confinement in the Texas Department of Criminal
     Justice Institutional Division (Texas Department of
     Corrections) for a term of years not less than ____
     _____*2*_____ nor more than _____*20*_____, to which may be
     added a fine not to exceed $ _____*10,000*_____ .

8.   I understand that the Prosecutor may or may not
     make a recommendation as to punishment, but I
     understand that the Court is not bound by such
     recommendation of the prosecuting attorney as to
     punishment;

9.   I affirm to the Court that there has been no plea
     agreement in this case except as follows:_____

     *No Agreed recommendation*

     _____

     And I understand that the Court is not bound to
     accept a plea bargain and if the Court rejects a
     plea bargain I may withdraw my plea of Guilty.

10.  I understand that if a punishment is being
     recommended by the prosecutor and agreed to by me
     and my attorney and the punishment assessed by the
     Court does not exceed that agreed punishment that I
     cannot, without the Court's permission, prosecute
     an appeal on any matter in this case except for
     those matters raised by written motions filed prior
     to the trial;

STRIKE
ONE  11.  I went to the _____ grade in public school and
          can read write and understand the English
          language;

     11.  I do not read, write and understand the English
          language and all of this instrument has been

Regular
revised 03/23/95

further agree, **consent** and stipulate in writing in open **court** to the following:

The State **may** introduce affidavits, written statements of witnesses and **any** other documentary evidence in support of any judgement that **may** be entered in this cause, which are marked Exhibits No. _____1_____, through No. _____2_____, inclusive, and made a part hereof; that such **stipulated** evidence is true and correct; **that** the Defendant, is the **identical** person referred to in the **exhibits** and stipulate **evidence and** if the witnesses were present, **sworn** and testifying under **oath** that they would testify as set out in their written statements **and** would identify the Defendant as the **person** of whom they **speak** in said exhibits and stipulations; **that** the Defendant is **the identical** person named in the indictment **in** the above styled and **numbered** cause; that each and every allegation in said indictment **charging** the offense of: _____Aggravated_____

_____Assault_____ is true and correct and **each** act therein alleged occurred in Cameron County, Texas.

_____
Defendant

SWORN TO AND **SUBSCRIBED** TO BEFORE ME, the undersigned authority, on this the __10__ day of __Oct__, 19 _98_

Clerk of the District Courts,
Cameron County, Texas

BY: _____
Deputy

APPROVED AND AGREED:

_____
Defendant's Attorney

_____
Assistant County (Criminal District) Attorney
Cameron County, Texas

Regular
revised 03/23/95

## CERTIFICATE OF DEFENDANT'S ATTORNEY

The undersigned attorney of record for the Defendant in the above styled and numbered cause, being a duly licensed member of the State Bar of Texas in good standing, does hereby certify that I have fully explained to the Defendant his Federal and State constitutional and statutory rights as Defendant in this case, including his constitutional right to a trial by jury and to have the witnesses present, testify and to cross-examine them, as well as all the procedural requirements and rights afforded him by the State of Texas, and the Defendant understanding his said rights, has deliberately and knowingly waived such rights in this case.

I further certify that I have read to the Defendant and explained to the Defendant the foregoing waiver and consent to stipulation to testimony, together with the stipulations and exhibits attached and made a part thereof, and I believe and state to the Court that the Defendant understands such waiver, consent and stipulation, and has voluntarily and knowingly, entered into the same with my advice and consent.

The undersigned attorney further states to the Court in connection with the Defendant's plea of Guilty that the undersigned has counseled and advised with the Defendant and that every statement above made by the Defendant is true and correct to the best of my knowledge and belief; and, in my opinion, the Defendant is now mentally competent and legally sane, was legally sane at the time of the offense charged, and is able to and does understand the nature and consequences of these proceedings and his plea of Guilty.

_____
Attorney for the Defendant

Regular
revised 03/23/95

APPROVAL OF TRIAL JUDGE:

The above and foregoing written waiver and consent to stipulation of testimony, waiver of jury and plea of Guilty having been made under oath by the Defendant in person in open court on this _12_ day of _____, 19_96_ and the Court having interrogated the Defendant in person in open court, as well as his counsel, and being satisfied that the Defendant has had his constitutional and legal rights explained to him and that the Defendant has the age, education and discretion to fully understand and does understand his constitutional rights with regard to the right of trial by jury, the appearance, confrontation and cross-examination of witnesses against him, and the privilege against self-incrimination and further understands the waiver and the stipulations and the contents thereof to which he has agreed, the said waiver and consent and stipulation of testimony is hereby approved by the Court, and ordered filed in the papers of this cause.

The Court, having considered the plea of Guilty of the Defendant and it plainly appearing to the Court that the plea of the Defendant is free and voluntary and the Defendant is mentally competent; and the Court having duly admonished the Defendant of the range of punishment attached to the offense, that the recommendation of the prosecuting attorney as to punishment is not binding upon the Court and the fact that if the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the Defendant and his attorney, the Court must give its permission to the Defendant before he may prosecute an appeal on any matter in the case except for those matters raised by written motions filed prior to the trial; and the Defendant having

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION



| | | |
|---|---|---|
| RENE REYNA JR. | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| | § | CIVIL ACTION NO. B-01-64 |
| VS. | 1. | (JURY REQUESTED) |
| | § | |
| CITY OF BROWNSVILLE POLICE | § | |
| DEPARTMENT AND POLICE OFFICER | § | |
| RAFAEL MOLINA | § | |



## DEFENDANTS' MOTION TO COMPEL

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Defendants, City of Brownsville Police Department and Police Officer Rafael

Molina, in the above styled and numbered cause and file this there motion to compel production of

documents from the Cameron County District Attorney's Office, and in support thereof would

respectfully show the Court the following:

I.

Defendants issued a subpoena to the Custodian of Records for the District Attorney's Office,

974 E. Harrison, Brownsville, Texas 78520, requesting Plaintiff Rene Reyna's criminal record

related to Plaintiff's arrest on June 23, 1998. (Attached hereto as Exhibit "A".)

II.

Defendants attempted to confer with Assistant County Attorney Francisco J. Martinez via

telephone requesting that the district attorney's entire file for Plaintiff be produced. Assistant

County Attorney Martinez indicated the county's unwillingness to produce its entire file on Plaintiff.



EXHIBIT

D

III.

Subsequently thereto, the county did not produce their entire file regarding Plaintiff's arrest on June 23, 1998 but rather only produced a brief case history showing Plaintiff's criminal convictions.

IV.

Under Federal Rule of Civil Procedure 45 (d) a custodian of records must either produce the requested documents or specify any privilege asserted and provide a description of withheld documents.

V.

Defendants are in need of the contents of the District Attorney's file concerning Plaintiff's arrest on June 23, 1998 in order to prepare their defense against the claims brought by Plaintiff in the instant civil lawsuit, which claims result from the same series of events resulting in Plaintiff's arrest on June 23, 1998. The failure of the Cameron County District Attorney's Office to produce this file has unduly prejudiced Defendants in the instant case and there is no other source from which this material may be obtained.

VI.

The Cameron County District Attorney's Office has not filed for a protective order, nor did it move to quash the subpoena served upon it in order to obtain its file concerning Plaintiff's arrest on June 23, 1998.

VII.

Pursuant to Federal Rule of Civil Procedure 45 (e), this Honorable Court can place a party in contempt for failing to obey a subpoena.

VIII.

Defendants seek a ruling from the court ordering the Cameron County District Attorney's Office to immediately supplement its production of documents as requested by Defendants in their subpoena, and produce its entire file pertaining to Plaintiff Rene Reyna's arrest on June 23, 1998.

WHEREFORE, PREMISES CONSIDERED, Defendants, City of Brownsville Police Department and Police Officer Rafael Molina, respectfully pray that the Court set this matter for hearing, grant Defendants' Motion to Compel and order the Cameron County District Attorney's office to supplement its production as requested, within ten days of this Court's order. Defendants further request such other relief to which they may be justly entitled, including costs necessitated in bringing this motion.

Signed on October 17, 2001.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By: _____
George C. Kraehe
State Bar No. 00792631

Attorneys for Defendants, City of
Brownsville Police Department
and Police Officer Rafael Molina

## CERTIFICATE OF CONFERENCE

Undersigned has conferred with all counsel of record, who are unopposed to this motion.

George C. Kraehe


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendants' Motion to Compel

has been sent to the following via Certified Mail, return receipt requested, on October 17, 2001.

Cameron County District Attorney's Office
974 E. Harrison
Brownsville, Texas 78520

George P. Powell
HINOJOSA & POWELL, P.C.
612 Nolana, Suite 410
McAllen, Texas 78504

George C. Kraehe

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

RENE REYNA JR.,              §
        Plaintiff,           §
                             §
                             §
                             §      CIVIL ACTION NO. B-00-17
VS.                          §          (JURY REQUESTED)
                             §
CITY OF BROWNSVILLE POLICE   §
DEPARTMENT AND RAFAEL MOLINA, §
        Defendants.          §

---

## SUBPOENA DUCES TECUM

---

THE STATE OF TEXAS:

TO:     Custodian of Records
        District Attorney's Office
        974 E. Harrison
        Brownsville, Texas 78520


**GREETINGS:**     **YOU ARE HEREBY COMMANDED TO PRODUCE PLAINTIFF'S CRIMINAL RECORD RELATED TO HIS ARREST ON JUNE 23, 1998**

Records pertaining to:     Mr. Rene Reyna, Jr.
                           DOB:  May 18, 1979
                           SSN:   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

TO:                        Willette & Guerra, L.L.P.
                           International Plaza, Suite 460
                           3505 Boca Chica Blvd.
                           Brownsville, Texas 78520


in the above-styled action pending in the B-00-17 United Stated District Court for the Southern District of Texas Brownsville Division.

1



**WITNESS MY HAND AND SEAL OF OFFICE** on this 25th day of July, 2001.

_George C. Kraehe_
Attorney George C. Kraehe
USDC Adm. No 19355

Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued or a district court in the county in which the subpoena is served, and may be punished by fine or confinement, or both.

### OFFICER'S RETURN

Came to hand the 25th day of _July_, 2001, at _2:00_ o'clock _P_ m., and executed the _25th_ day of _July_, 2001, at o'clock _4:15_ m., by delivering to the within named witness at the hereinabove named location in person, a true copy of this subpoena and tending to said witness the fees prescribed by law. By serving John Blaylock, City Prosecutor

**Professional Civil Process**
700 Paredes Ave., #208
Brownsville, Texas 78520
Tel. (956) 546-1313

By: _Juanita Anderson_

EDUARDO GONZALEZ
MY COMMISSION EXPIRES
March 21, 2002
NOTARY PUBLIC STATE OF TEXAS

SUBSCRIBED AND SWORN TO BEFORE ME ON _____ TO CERTIFY WHICH WITNESS MY HAND AND OFFICIAL SEAL
_____ NOTARY PUBLIC STATE OF TEXAS

7/25/01

2

3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

OCT 1 8 2001

| | |
|---|---|
| RENE REYNA JR.<br>Plaintiff, | §<br>§<br>§<br>§<br>§ |
| VS. | 2. |
| | § |
| CITY OF BROWNSVILLE POLICE<br>DEPARTMENT AND POLICE OFFICER<br>RAFAEL MOLINA | §<br>§<br>§<br>§ |

CIVIL ACTION NO. B-01-64
(JURY REQUESTED)

---

## ORDER GRANTING DEFENDANTS' MOTION TO COMPEL

---

On the _18th_ day of _October_ 2001, Defendants City of Brownsville Police Department and Police Officer Rafael Molina's Motion to Compel *(DOCKET NO 29)* came on for consideration.

After review, the Court is of the opinion that Defendants' Motion to Compel is hereby GRANTED.

IT IS FURTHER ORDERED that the Cameron County District Attorney's Office is to produce its entire file on Plaintiff Rene Reyna related to Plaintiff's arrest on June 23, 1998 as ordered, within ten days of this Court's order.

SIGNED on this the _18_ day of _October_ 2001.

JUDGE PRESIDING



EXHIBIT
E

# WILLETTE & GUERRA, L.L.P.
## ATTORNEYS AT LAW

CHARLES WILLETTE, JR.
R. D "BOBBY" GUERRA*
MARK SOSSI
HUGH P. TOUCHY
EILEEN M. LEEDS
GEORGE C. KRAEHE

ELIZABETH SANDOVAL CANTU*
ROBERT L. DRINKARD*
EDUARDO G. GARZA
AMY LAWLER GONZALES
RYAN HENRY
SETH MOORE
LAWRENCE J. RABB*

INTERNATIONAL PLAZA, SUITE 460
3505 BOCA CHICA BOULEVARD
BROWNSVILLE, TEXAS 78521
TELEPHONE: (956) 541-1846
FACSIMILE. (956) 541-1893

*MCALLEN OFFICE·
801 NOLANA, SUITE 320-A
MCALLEN, TEXAS 78504
TELEPHONE: (956) 686-2266
FACSIMILE (956) 686-5913

October 22, 2001

The Honorable Francisco J. Martinez
Assistant District Attorney
Cameron County District Attorney's Office
974 E. Harrison
Brownsville, Texas 78520

Re:    Cause No. B-01-64
       Rene Reyna, Jr.
       vs. City of Brownsville Police Department
       and Rafael Molina
       For the Southern District of Texas
       Brownsville Division
       Our File No.  00-221  GK

Dear Mr. Martinez:

This is to confirm that you have produced everything responsive to our earlier subpoena to the Cameron County District Attorney's Office for materials collected or generated in connection with the arrest and conviction of Rene Reyna, Jr. The order granting our motion to compel therefore appears to be moot, and, in light of your representation that you have fully complied with the subpoena, we will not insist on its enforcement.

We regret any confusion regarding the scope of our subpoena. We will be issuing another subpoena that leaves no doubt that we seek each and every document, record, memorandum, note, or other writing or recording collected or generated in connection with the investigation, arrest, prosecution, and conviction of Rene Reyna. If the materials we request are not forthcoming absent valid objections, we will move to compel enforcement of the second subpoena.

We greatly appreciate your cooperation.

Very truly yours,

WILLETTE & GUERRA, L.L.P.

By: _George C. Kraehe

GCK/ym

EXHIBIT
F

Case 1:01-cv-00064   Document 33   Filed in TXSD on 11/08/2001   Page 35 of 38

# WILLETTE & GUERRA.   L.P.
## ATTORNEYS AT L..W

CHARLES WILLETTE, JR.
R. D. "BOBBY" GUERRA"
MARK SOSSI
HUGH P. TOUCHY
EILEEN M. LEEDS
GEORGE C. KRAEHE

ELIZABETH SANDOVAL CANTU"
ROBERT L. DRINKARD"
EDUARDO G. GARZA
AMY LAWLER GONZALES
RYAN HENRY
SETH MOORE
LAWRENCE J. RABB"

INTERNATIONAL PLAZA, SUITE 460
3505 BOCA CHICA BOULEVARD
BROWNSVILLE, TEXAS 78521
TELEPHONE. (956) 541-1846
FACSIMILE: (956) 541-1893

"MCALLEN (
801 NOLANA, S
MCALLEN, TE>
TELEPHONE. (95
FACSIMILE (956)

## FAX COVER SHEET

> THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS ATTORNEY-PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA US POSTAL SERVICE.

DATE: 10-22-2001      FILE NO: 00221

FROM: George C. Kraehe

TO: Francisco Martinez   FAX NO: 544-0869

RE: Rene Reyna vs. City of Brownsville Police D..

MESSAGE: Please see attached letter dated October 22, 2001.

**N O T E:** If any of these fax copies are illegible, or you do not receive the same number of pages as stated below, please contact the undersigned immediately.

Transmitted by: _____
Number of pages (Including this sheet): _____

```
***************************************************************************
*              TRANSACTION REPORT                    OCT-22-2001 MON 04:54 PM
*
*       FOR:  WILLETTE & GUERRA        956 5411893
*
*  DATE  START    RECEIVER       TX TIME  PAGES TYPE      NOTE          M#  DP
*
*  OCT-22 04:53 PM 5440869        44"     2  SEND        OK             884
*
*
*                                        TOTAL :        44S  PAGES:   2
*
***************************************************************************
```

# WILLETTE & GUERRA, L.L.P.
## ATTORNEYS AT LAW

CHARLES WILLETTE, JR.
R. D. "BOBBY" GUERRA*
MARK SOSSI
HUGH P. TOUCHY
EILEEN M. LEEDS
GEORGE C. KRAEHE

———

ELIZABETH SANDOVAL CANTU*
ROBERT L. DRINKARD*
EDUARDO G. GARZA
AMY LAWLER GONZALES
RYAN HENRY
SETH MOORE
LAWRENCE J. RABB*

INTERNATIONAL PLAZA, SUITE 460
3505 BOCA CHICA BOULEVARD
BROWNSVILLE, TEXAS 78521
TELEPHONE: (956) 541-1846
FACSIMILE: (956) 541-1893

*MCALLEN
801 NOLANA, S
MCALLEN, TE
TELEPHONE: (9
FACSIMILE: (95

# FAX COVER SHEET

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS ATTORNEY-PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA US POSTAL SERVICE.

DATE: 10-22-2001        FILE NO: 00221

FROM: George C. Kraehe

TO: Francisco Martinez    FAX NO: 544-0869

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RENE REYNA JR., | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| | § | CIVIL ACTION NO. B-00-17 |
| VS. | § | (JURY REQUESTED) |
| | § | |
| CITY OF BROWNSVILLE POLICE | § | |
| DEPARTMENT AND RAFAEL MOLINA, | § | |
| Defendants. | § | |

---

## SUBPOENA DUCES TECUM

---

THE STATE OF TEXAS:

TO:    Custodian of Records
       District Attorney's Office
       974 E. Harrison
       Brownsville, Texas 78520

**GREETINGS:        YOU ARE HEREBY COMMANDED TO PRODUCE:**

All files containing all records and documents pertaining to or generated in connection with the June 23, 1998 arrest of Rene Reyna, Jr., DOB May 18, 1979, SSN 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, including but not limited to the complete criminal file, the complete prosecutor's file, the complete investigative file, all notes, all investigation records, all prosecutorial records, all witness statements, all police reports and attachments, and all documents, exhibits, records, recording and writings of any kind, pertaining to the charging, incarceration, investigation, indictment, prosecution, conviction, and sentencing of Rene Reyna, Jr. for all acts occurring on June 23, 1998.



EXHIBIT
G-

TO:          Willette & Guerra, L.L.P.
             International Plaza, Suite 460
             3505 Boca Chica Blvd.
             Brownsville, Texas 78520

in the above-styled action pending in the B-00-17 United Stated District Court for the Southern District of Texas Brownsville Division.

**WITNESS MY HAND AND SEAL OF OFFICE** on this 26 day of October, 2001.

Attorney George C. Kraehe
USDC Adm. No 19355

Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued or a district court in the county in which the subpoena is served, and may be punished by fine or confinement, or both.

OFFICER'S RETURN

Came to hand the _____ day of _____, 2001, at _____ o'clock ___ m., and executed the _____ day of _____ , 2001, at o'clock ___ m., by delivering to the within named witness at the hereinabove named location in person, a true copy of this subpoena and tending to said witness the fees prescribed by law.

By:_____

2