

United States District Court
Southern District of Texas
FILED

DEC 1 2 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RENE REYNA JR.<br>Plaintiff, | §<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. B-01-64 |
| VS. | 1. | (JURY REQUESTED) |
| CITY OF BROWNSVILLE POLICE DEPARTMENT AND POLICE OFFICER RAFAEL MOLINA | §<br>§<br>§<br>§ | |

**DEFENDANTS' SECOND SUPPLEMENTAL DISCLOSURE UNDER FEDERAL RULE OF CIVIL PROCEDURE 26(b)(4)(EXPERT REPORT)**

TO: Plaintiff by and through his attorney of record:

George P. Powell
HINOJOSA & POWELL, P.C.
612 Nolana, Suite 410
McAllen, Texas 78504

NOW COME Defendants, City of Brownsville Police Department and Police Officer Rafael Molina, and file this their expert disclosure under Federal Rule of Civil Procedure 26(b)(4)(Expert Report). Defendants show the following:

(A) Identity of persons expected to provide expert testimony:

Dr. Vincent J. M. Di Maio
5 Reading Lane
San Antonio, Texas 78257
Telephone: (210) 335-4053
Facsimile: (210) 335-4052

Dr. DiMaio will offer forensic pathology expert testimony on Rene Reyna, Jr., including expert opinion regarding the cause and nature of Reyna's injuries and the circumstances giving rise to these injuries; Reyna's medical and behavioral history; medical protocols; police policies and procedures; and general medical knowledge, policies, and procedures.

Dr. DiMaio can also be expected to offer testimony consistent with his expert's report, attached hereto.

Edward E. Hueske
Forensic Scientist
541 Halifax Lane
Coppell, Texas 75019
Telephone: (972) 304-8668
Facsimile: (972) 393-3612

Mr. Hueske will offer forensic science expert testimony on Rene Reyna, Jr., including expert opinion regarding the cause of Reyna's injuries and the circumstances giving rise to these injuries. Mr. Hueske can also be expected to offer testimony consistent with his expert's report, which is attached.

Chief Carlos Garcia
Brownsville Police Department
600 E. Jackson
Brownsville, Texas 78520
Telephone: (956) 548-7051
Facsimile: (956) 548-7058

Chief Carlos Garcia's expert testimony will be on his knowledge of the policies and procedures of the Brownsville Police Department.

(B) Documents:

Mr. Hueske's expert report and other materials required to be furnished under Federal Rule of Civil Procedure 26 are attached hereto.

Dr. DiMaio's expert report is attached hereto.

Signed on December 12, 2001.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Boulevard
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By: Charles Willette w/p Jan Henry
Charles Willette, Jr.
State Bar No.21509700
USDC Adm. No. 1937

Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on December 12, 2001, a true and correct copy of the above and foregoing Defendants' Second Supplemental Disclosure under Federal Rule of Civil Procedure 26(b)(4), (Expert Report), has been forwarded via certified mail, return receipt requested and telefax, on all counsel of record as hereinbelow noted:

George P. Powell
HINOJOSA & POWELL, P.C.
612 Nolana, Suite 410
McAllen, Texas 78504

Charles Willette w/p Jan Henry
Charles Willette, Jr.

**VINCENT J.M. DI MAIO, M.D.**
**CONSULTANT IN FORENSIC PATHOLOGY**
**5 READING LANE**
**SAN ANTONIO, TEXAS 78257**
**(210) 698-1400**
**FAX (210) 698-1400**

December 12, 2001

George Kraehe
Willette & Guerra
International Plaza
3505 Boca Chica Boulevard
Suite 460
Brownsville, Texas 78521

Re: Reyna vs City of Brownsville et al.

Dear Mr. Kraehe:

As requested, I have reviewed the following materials in regard to the aforementioned case:

The deposition of Rene Reyna
Officer R. Molina's deposition
The Plaintiff's designation of expert witnesses with reports
The October 21, 2001, report of Edward E. Hueske
Photographs of the scene, the vehicle and Mr. Reyne
The medical records of Rene Reyna
The investigation file of the Brownsville Police Department in regard to the shooting

Based on this material, it is my opinion that in all medical certainty the injuries incurred by Mr. Reyna are consistent with the account of the shooting by Officer Molina i.e. that Mr. Reyna was seated in the vehicle with the door open when the Officer fired through his open window. The injuries are not consistent with the account of Mr. Reyna, in his deposition, wher he stared that he was facing the Officer when he was shot.

There are three wounds; a superficial wound of the medial aspect of the left forearm, an entrance of the lateral aspect of the left hip and an entrance on the anterior lateral left thigh. While the wounds of the hip and thigh are helpful in positioning Mr. Reyna at the time he was shot, the extreme mobility of the arm renders it of little help.

The bullet entering the hip traveled from left to right in a path consistent with the bullet entering an open car door, not consistent with having been inflicted from an individual facing t shooter. When sitting behind the wheel of a car, one's left thigh is normally slightly rotated to left i.e. counterclockwise. This is due to the anatomical structure of the pelvic joint. This woul

position the thigh such that a bullet entering an open door would impact the anterior lateral asp such as occurred in this case.

To recapitulate, it is my opinion that the injuries incurred by Mr. Reyna are consistent with the account of the shooting by Officer Molina i.e. that Mr. Reyna was seated in the vehicle with th door open when the Officer fired through his open window and not consistent with the account Mr. Reyna that he was facing the Officer when he was shot.

Sincerely,

VINCENT J.M. DI MAIO, M.D.