55

**WILLETTE & GUERRA, L.L.P.**
**ATTORNEYS AT LAW**

CHARLES WILLETTE, JR.
R. D. "BOBBY" GUERRA*
HUGH P. TOUCHY
EILEEN M. LEEDS

ELIZABETH SANDOVAL CANTU*
ROMAN "DINO" ESPARZA
EDUARDO G. GARZA
AMY LAWLER GONZALES
RYAN HENRY
SETH MOORE
JACQUELINE R. SALINAS*

INTERNATIONAL PLAZA, SUITE 460
3505 BOCA CHICA BOULEVARD
BROWNSVILLE, TEXAS 78521
TELEPHONE: (956) 541-1846
FACSIMILE: (956) 541-1893

*MCALLEN OFFICE:
801 NOLANA, SUITE 320-A
MCALLEN, TEXAS 78504
TELEPHONE: (956) 686-2266
FACSIMILE (956) 686-5913

United States District Court
Southern District of Texas
FILED

MAY 0 8 2002

Michael N. Milby
Clerk of Court

April 18, 2002

Judge John Black
United States Magistrate
UNITED STATES DISTRICT COURT
Southern District of Texas
Brownsville Division
600 E. Harrison, 1st Floor
Brownsville, Texas 78520

Re: Cause No. B-01-64
Rene Reyna, Jr.
vs. City of Brownsville Police Department
and Rafael Molina
For the Southern District of Texas
Brownsville Division
Our File No. 00-221 CW/RH

Dear Judge Black:

Please accept this as a letter brief wherein I would like to bring to the Court's attention an additional case supporting our Heck argument in our motion for summary judgment. Please find enclosed herewith a copy of Sappington v. Bartee, 195 F.3d 234 (5th Circuit 1999).

By copy of this to opposing counsel I am providing him with notice of this letter brief.

Very Truly Yours,

WILLETTE & GUERRA, L.L.P.

By: ____________________
Charles Willette, Jr.

CW/lb
Encl.

xc:

Mr. George P. Powell
HINOJOSA & POWELL, P.C.
612 Nolana, Suite 410
McAllen, Texas 78504
Encl.

dence that the IRS waived any rights by entering into the settlement agreement, which Meridien breached. We find no error in the district court's order granting judgment as a matter of law.

V.

For the above reasons, we AFFIRM the judgment of the district court.




**Richard Lee SAPPINGTON, Plaintiff–Appellee,**

**v.**

**Alex BARTEE, Etc., et al., Defendants, Ruben Garcia, Cuero City Police Officer, Defendant–Appellant.**

**No. 98–41549.**

United States Court of Appeals, Fifth Circuit.

Nov. 23, 1999.

Arrestee brought § 1983 action against police officers, alleging use of excessive force and deprivation of his liberty without due process. One officer moved for summary judgment. The United States District Court for the Southern District of Texas, John D. Rainey, J., denied motion. Officer appealed. The Court of Appeals held that: (1) arrestee's state-court conviction for aggravated assault of police officer barred his excessive force claim against officer; (2) degree of force used by officer was not excessive; and (3) assault conviction barred false arrest claim.

Reversed and rendered.

**1. Arrest ⟹68(2)**

Arrestee's state-court conviction for aggravated assault of police officer barred his § 1983 excessive force claim against officer, inasmuch as claim was necessarily inconsistent with conviction, even under arrestee's version of events, and conviction had not been overturned. U.S.C.A. Const. Amend. 4; 42 U.S.C.A. § 1983; V.T.C.A., Penal Code §§ 9.31(c)(1), 22.02(a)(1).

**2. Federal Courts ⟹574**

The denial of a motion for summary judgment based on qualified immunity is immediately appealable if the denial turns on an issue of law.

**3. Civil Rights ⟹214(2)**

Qualified immunity attaches to actions of individual defendants insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

**4. Civil Rights ⟹214(1)**

Before reaching the issue of qualified immunity in § 1983 action, court must decide whether the plaintiff has stated a claim for a violation of a constitutional right; if it becomes evident that the plaintiff has failed to state or otherwise to establish a claim, then the defendant is entitled to dismissal on that basis. 42 U.S.C.A. § 1983.

**5. Arrest ⟹68(2)**

Degree of force used by police officer when he and other officers detained arrestee was not excessive, given that arrestee was convicted of aggravated assault of officer, which required proof that arrestee caused serious bodily injury under Texas law, and that officer was thus justified, under Texas law, in using force up to and including deadly force to resist assault and effect arrest. U.S.C.A. Const.Amend. 4; 42 U.S.C.A. § 1983; V.T.C.A., Penal Code §§ 9.01(3), 9.31(c)(1), 9.32(3)(A), 9.51(c)(2), 22.02(a)(1).

6. False Imprisonment ⟹7(5), 13

False arrest claim arising from arrest that allegedly occurred when arrestee had confrontation with police officer and others at county jail was barred by arrestee's conviction for aggravated assault of officer, which necessarily implied that probable cause existed for arrest at that time. U.S.C.A. Const.Amend. 4; 42 U.S.C.A. § 1983; V.T.C.A., Penal Code § 22.02(a)(1).

---

Gregory Philip Sapire, Smyser, Kaplan & Veselka, Houston, TX, for Plaintiff–Appellee.

Charles Straith Frigerio, Hector X. Saenz, Law Offices of Charles S. Frigerio, San Antonio, TX, for Defendant–Appellant.

Appeal from the United States District Court for the Southern District of Texas.

Before DAVIS and JONES, Circuit Judges, and LEMELLE, District Judge.[1]

PER CURIAM:

Ruben Garcia brings this interlocutory appeal of the denial of his motion for summary judgment. We agree with him that the summary judgment record establishes his entitlement to qualified immunity, and accordingly reverse and render judgment in his favor.

Appellee Richard Sappington brought this suit under 42 U.S.C. § 1983, alleging that Garcia and others had violated his constitutional rights in the course of their treatment of him on or about March 22, 1992. Sappington alleged that Garcia, a police officer, and other officers had approached him while he and his wife were parked on the side of a road. The officers allegedly took him to the county jail, where he was surrounded, sprayed with pepper spray, and beaten. Sappington alleged that the officers used excessive force and deprived him of liberty without due process of law.

Garcia moved for summary judgment, arguing that he was entitled to qualified immunity, and that Sappington's conviction for assaulting Garcia barred Sappington's § 1983 suit. Sappington was convicted in Texas state court of assaulting Garcia on March 22, 1992. The jury assessed a 99–year sentence, and was undoubtedly influenced by Sappington's lengthy criminal record that included two prior convictions for aggravated assault of a peace officer. The conviction has not been overturned. The district court noted that one of Sappington's strategies at his criminal trial was to claim that he acted in self-defense. Dist. Ct. Opn. at 11 n. 15 (citing criminal court record).

[1] Garcia argues that Sappington's excessive force claim is barred under *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). We agree. In *Heck* the Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.... Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 486–87, 114 S.Ct. 2364 (footnote omitted).

1. District Judge of the Eastern District of Louisiana sitting by designation.

[2–4] The denial of a motion for summary judgment based on qualified immunity is immediately appealable if the denial turns on an issue of law. *Wells v. Bonner,* 45 F.3d 90, 93 (5th Cir.1995). Qualified immunity attaches to individual defendants' actions "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). However, before reaching the issue of qualified immunity, we must decide whether the plaintiff has stated a claim for a violation of a constitutional right. *Doe v. Rains County Indep. Sch. Dist.,* 66 F.3d 1402, 1404 (5th Cir.1995). "Thus, if it becomes evident that the plaintiff has failed to state or otherwise to establish a claim, then the defendant is entitled to dismissal on that basis." *Wells,* 45 F.3d at 94. On this basis we have held that the denial of a summary judgment is reviewable and subject to reversal if the claim is barred under *Heck. Wells,* 45 F.3d at 94–96.

In a case raising similar facts, we held that *Heck* barred a plaintiff's § 1983 suit alleging excessive force. In *Hudson v. Hughes,* 98 F.3d 868 (5th Cir.1996), the plaintiff alleged that "he was brutally beaten during his arrest, that excessive force was used, and that these acts were unconstitutional." *Id.* at 871. The plaintiff Hudson had been convicted under Louisiana law of battery of an officer during the course of his arrest. We reasoned that his excessive force claim was barred because it necessarily implied the invalidity of his conviction:

> Hudson was arrested and convicted of battery of an officer. In Louisiana, self-defense is a justification defense to the crime of battery of an officer. To make out a justification defense, the criminal defendant charged with battery of an officer must show that his use of force against an officer was both reasonable and necessary to prevent a forcible offense against himself. Because self-defense is a justification defense to the crime of battery of an officer, Hudson's claim that [defendants] used excessive force while apprehending him, if proved, necessarily would imply the invalidity of his arrest and conviction for battery of an officer. This is true because the question whether the police applied reasonable force in arresting him depends in part on the degree of his resistance, which in turn will place in issue whether his resistance (the basis of his conviction for assaulting a police officer) was justified, which, if it were, necessarily undermines that conviction. We conclude therefore that to the extent that Hudson seeks to recover from [defendants] for the defendants' alleged use of excessive force during his arrest, his section 1983 action may not proceed.

*Id.* at 873.

In the pending case, the district court reasoned, and Sappington argues on appeal, that his conviction for assaulting Garcia does not necessarily imply the invalidity of his criminal conviction because under Texas law, unlike Louisiana law, the use of force to resist arrest is justified only if, among other elements, the arresting peace officer uses unnecessary force "before the actor offers any resistance." Tex. Pen. Code § 9.31(c)(1). Sappington argues that Garcia might have used excessive force after Sappington offered some resistance, and in such circumstances he would have a viable civil rights claim even though Texas law does not afford him the defense of self-defense to the criminal charge. The problem with this theoretical situation is that it is completely at odds with the summary judgment record. In his responses to requests for admission, Sappington admits that he had physical contact with Garcia, but that "such contact occurred only after Plaintiff was maced and/or assaulted by one or more of the defendant law enforcement officers and only in response to that macing and/or assault." Sappington's deposition testimony was to the same effect—that the physical contact between

him and Garcia began when Garcia grabbed his wrist, and that other officers proceeded to spray him with mace and beat him. Accepting his version of events, his claim is necessarily inconsistent with his criminal conviction.

[5] Further, the criminal conviction necessarily implies that Garcia did not use excessive force. Sappington was convicted of aggravated assault. Conviction for aggravated assault required proof that Sappington caused "serious bodily injury." Tex. Pen.Code § 22.02(a)(1). We hold as a matter of law that the force Sappington claims was used cannot, under *Heck*, be deemed excessive. Under Texas law, any person can use force up to and including deadly force "to protect himself against the other's use or attempted use of unlawful deadly force." Tex. Pen.Code § 9.32(3)(A). "Deadly force" is defined as "force that is intended or known by the actor to cause, or in the manner of its use or intended use is capable of causing, death or serious bodily injury." Tex. Pen. Code § 9.01(3). Further, a peace officer is justified in using deadly force in the course of an arrest if he reasonably believes that there is a substantial risk that the person to be arrested will cause death or serious bodily injury to the officer or another if the arrest is delayed. Tex. Pen. Code § 9.51(c)(2). Sappington's criminal conviction required proof that he caused serious bodily injury to Garcia. Garcia was justified in using force up to and including deadly force to resist the assault and effect an arrest. As a matter of law, therefore, the force allegedly used by Garcia cannot be deemed excessive.

[6] Insofar as Sappington's complaint can be construed to include a claim of false arrest, Sappington has not responded, in the district court or on appeal, to Garcia's argument that Garcia was not the arresting officer. Garcia offered his deposition testimony and an expert affidavit that he was not the arresting officer. In his responses to requests for admission, Sappington admitted that Garcia did not arrest him, subject only to an objection that the request called for a legal conclusion. Given this evidence, and the lack of any contrary evidence proffered by Sappington in response to the summary judgment motion, we conclude that Garcia was entitled to summary judgment on the false arrest claim. Sappington suggested in his deposition and his amended complaint that his arrest did not occur until his confrontation with Garcia and the other officers at the county jail. Again, *Heck* bars a recovery under this theory, since his conviction for aggravated assault necessarily implies that there was probable cause for his arrest at that point in time. "If there was probable cause for any of the charges made ... then the arrest was supported by probable cause, and the claim for false arrest fails. Thus [plaintiff's] proof to establish his false arrest, i.e., that there was no probable cause to arrest ... would demonstrate the invalidity of [plaintiff's] conviction...." *Wells*, 45 F.3d at 95.

For these reasons, we conclude that Garcia was entitled to summary judgment. We therefore reverse the order below denying his motion for summary judgment, and render judgment in Garcia's favor.

REVERSED and RENDERED.

