United States District Court
Southern District of Texas
FILED

MAY 3 1 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RENE REYNA JR.<br>Plaintiff, | §<br>§<br>§<br>§ | |
| VS. | §<br>§<br>§ | CIVIL ACTION NO. B-01-64<br>(JURY REQUESTED) |
| CITY OF BROWNSVILLE POLICE<br>DEPARTMENT AND POLICE OFFICER<br>RAFAEL MOLINA | §<br>§<br>§ | |

## DEFENDANT RAFAEL MOLINA'S NOTICE OF INTERLOCUTORY APPEAL

TO THE HONORABLE JUDGE:

COMES NOW Defendant, **RAFAEL MOLINA** and files this his Notice of Interlocutory Appeal and in support thereof would show as follows:

1. This Court denied Defendant Molina's Motion for Summary Judgment in this matter on May 3, 2002. Said motion asserted, in part, that Defendant Rafael Molina was entitled to qualified immunity as to Plaintiff's constitutional claims under 42 U.S.C. § 1983.

2. Notice is hereby given that Defendant Rafael Molina, to the extent he is sued in his individual capacity, hereby appeals to the United States Court of Appeals for the Fifth Circuit from the order entered May 3, 2002, denying this Defendant's entitlement to qualified immunity. *See Mitchell v. Forsyth*, 472 U.S. 511 (1985) (holding that district court's denial of claim of qualified immunity is appealable "final decision" within meaning of 28 U.S.C. § 1291 notwithstanding absence of final judgment); *Helton v. Clements*, 787 F.2d 1016 (5th Cir. 1986)(denial of claim of qualified immunity immediately appealable under collateral order doctrine).

3. The denial of a motion for summary judgment based on qualified immunity is immediately appealable if the denial turns on an issue of law. *Wells v. Bonner*, 45 F.3d 90, 93 (5th Cir.1995); *Sappington v. Bartee*, 195 F.3d 234, 236 (5th Cir. 1999). The denial of summary judgment is reviewable and subject to reversal if plaintiff's claim is barred under *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994) in which the Supreme Court held that no cause of action exists under 42 U.S.C. § 1983 for actions which, if proven, would "necessarily imply" the invalidity of the plaintiff's criminal conviction. *Wells*, 45 F.3d at 94-96; *Sappington*, 195 F.3d at 236.

4. This notice is timely filed.

Signed on May 31, 2002.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By:_____
Charles Willette, Jr.
State Bar No. 21509700
USDC Adm. No. 1937
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2002, a true and correct copy of the above and foregoing has been forwarded via certified mail return receipt requested to the following:

Mr. George P. Powell
HINOJOSA & POWELL, P.C.
612 Nolana, Suite 410
McAllen, Texas 78504

Mr. Charles Fulburge
Clerk for the Court of Appeals
Court of Appeals, 5th Circuit
600 Camp Street
New Orleans, LA 70130

_____
Charles Willette, Jr.